# Exhibit A

(COMPLAINT SERVED FEBRUARY 27, 2019 IN RE
KERN COUNTY SUPERIOR COURT CASE #BCV-19-100470)

ELECTRONICALLY FILED
2/21/2019 5:13 PM
Kern County Superior Court
By Donny Alvarez, Deputy

1  DANIEL RODRIGUEZ, ESQ., SBN 096625
2  JOEL T. ANDREESEN, ESQ., SBN 152254
3  DANAY GONZALEZ ESQ., SBN 316755
   **RODRIGUEZ & ASSOCIATES**
4  **A PROFESSIONAL LAW CORPORATION**
5  2020 Eye Street
   Bakersfield, CA  93301
6  Tel. No.: (661) 323-1400
7  Fax No.: (661) 323-0132

8  Attorneys for Plaintiffs,
9  SELENA GONZALEZ and
   LYDIA RUIZ.
10

11     **SUPERIOR COURT OF CALIFORNIA, COUNTY OF KERN**

12       **METROPOLITAN DIVISION – UNLIMITED CIVIL**

13

14  SELENA GONZALEZ and          ) Case No.: BCV-19-100470
    LYDIA RUIZ,                   )
15                               )
                                 )  **COMPLAINT FOR DAMAGES;**
16              Plaintiffs,       ) **DEMAND FOR JURY TRIAL**
                                 )
17     vs.                        )
                                 )
18                               )
    COUNTY OF KERN; DEPUTY       )
19  MARTINEZ; DEPUTY MALDONADO;  )
20  DEPUTY MORENO; and DOES 1 to 100, )
    inclusive,                    )
21                               )
22              Defendants.       )
                                 )
23                               )
                                 )
24                               )
                                 )
25  ───────────────────────────

26  ///
27  ///
28  ///

## COMPLAINT

Plaintiffs SELENA GONZALEZ and LYDIA RUIZ allege in their Complaint against Defendants COUNTY OF KERN, DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 100, inclusive (collectively referred to as "Defendants"), as follows:

## JURISDICTION AND VENUE

1.     This Complaint is asserted by SELENA GONZALEZ and LYDIA RUIZ (collectively referred to as "Plaintiffs"), for compensation, as follows:

   (a)    FIRST CAUSE OF ACTION: For violation of Constitutional rights secured by the Fourth Amendment to the United States Constitution pursuant to 42 U.S.C. §§ 1983, 1988 by Plaintiff SELENA GONZALEZ;

   (b)    SECOND CAUSE OF ACTION: For violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* by Plaintiff SELENA GONZALEZ;

   (c)    THIRD CAUSE OF ACTION: For violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.* by Plaintiff SELENA GONZALEZ;

   (d)    FOURTH CAUSE OF ACTION: For a violation of the Bane Civil Rights Act, California Civil Code § 52.1 under California Law by Plaintiff SELENA GONZALEZ;

(e)   FIFTH CAUSE OF ACTION: Violation of the Unruh Civil Rights
Act, California Civil Code § § 51, 52 by Plaintiff SELENA
GONZALEZ;

(f)   SIXTH CAUSE OF ACTION:  For violation of the Ralph Civil
Rights Act, California Government Code § 51.7 et seq by Plaintiff
SELENA GONZALEZ;

(g)   SEVENTH CAUSE OF ACTION: For Assault and Battery under
California Law by Plaintiff SELENA GONZALEZ;

(h)   EIGHTH CAUSE OF ACTION: False Imprisonment Under
California Law by Plaintiff SELENA GONZALEZ;

(i)   NINTH CAUSE OF ACTION: For General Negligence under
California Law by Plaintiff SELENA GONZALEZ.

(j)   TENTH CAUSE OF ACTION: For Intentional Infliction of
Emotional Distress under California Law by Plaintiff SELENA
GONZALEZ.

(k)   ELEVENTH CAUSE OF ACTION: For Negligent Infliction of
Bystander Emotional Distress under California Law by Plaintiff
LYDIA RUIZ.

2.   Venue is proper in the Superior Court of the State of California, for the
County of Kern, in that the underlying acts, omissions, injuries, and related facts and
circumstances upon which the present action is based occurred in the City of Wasco, at or

near 939 8th Street, Wasco, California, within the boundaries of this Court. This Court has
jurisdiction over the present matter because, as delineated within this complaint, the
nature of the claims and amounts in controversy meet the requirements for jurisdiction in
the Superior Court. This Court is empowered with concurrent jurisdiction to entertain
suits brought under the Federal Civil Rights Act, 42 U.S.C section 1983, the
Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq.* and for Title II of the Americans with
Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq.* See, *Williams v. Horvath*, (1976) 16
Cal. 3d 834, 837, 129 Cal. Rptr. 453. *Driscoll v. Superior Court* (2014) 223 Cal.App.4th
630, 637, 167 Cal.Rptr.3d 364, 369.

## PARTIES AND OTHER RELEVANT ACTORS

3. At all times relevant hereto, Plaintiffs SELENA GONZALEZ and LYDIA
RUIZ, are citizens and residents of the County of Kern, California.

4. At all times relevant hereto, Defendant COUNTY OF KERN and COUNTY
OF KERN Sheriff's Department is and was a public entity, duly organized and existing
under and by virtue of the laws of the State of California.

5. At all times relevant hereto, Defendants DEPUTY MARTINEZ; DEPUTY
MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive, were residents of
the County of Kern, and at all times mentioned herein were acting under color of law, to
wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages
of defendant COUNTY OF KERN and the COUNTY OF KERN Sheriff's Department,
and under the color of the statutes, regulations, policies of the State of California. Said
defendants were acting within their capacity as employee, agent, representative and
servant of the Defendant COUNTY OF KERN and COUNTY OF KERN Sheriff's
Department.

6.     Plaintiffs are unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 100, inclusive, and therefore sue these Defendants by such fictitious names.  Plaintiffs will amend this Complaint to allege the true names and capacities when ascertained.  Plaintiffs are informed and believe, and on that basis allege, that each of the fictitiously named Defendants is liable in the manner set forth below for the acts, conduct and/or omissions concerning the events and happenings herein referred to, which proximately caused the damages and injuries to Plaintiffs as alleged herein.

7.     Plaintiffs are informed and believe, and on that basis allege, that at all times and places mentioned herein, each Defendant was the agent, representative and/or employee of each of the remaining Defendants and was acting within the course and scope of said agency, representation and/or employment.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

8.     Plaintiffs have complied with the California Tort Claims Act, California Government Code § 910 *et seq*.

9.     At all relevant times herein, Plaintiffs SELENA GONZALEZ and LYDIA RUIZ, reside at 1765 Palm Avenue, Wasco, California and 939 8th Street, Wasco California 93280, respectively.

10.     At all relevant times herein, LYDIA RUIZ is the biological mother of SELENA GONZALEZ.

11.     On April 30, 2018, and at all relevant times herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such

agency and employment and under color of law, knew, or reasonably should have known, that Plaintiff suffered from epilepsy and a variety of seizures, a disability.

12.    On April 30, 2018, and at all relevant times herein, Plaintiff SELENA GONZALEZ:

(a)    was a person with a "disability" within the meaning of 29 U.S.C. § 705(9)(B) because she suffered from physical impairments, including but not limited to epilepsy and a variety of seizures, that substantially limited one or more of her major life activities;

(b)    was an "individual with a disability" within the meaning of 29 U.S.C. § 705(20)(B) because: (i) she suffered from physical impairments, including but not limited to, epilepsy and seizures, that substantially limited one or more of her major life activities; (ii) such impairment was known or should have been known; and/or (iii) she was regarded as having such an impairment;

(c)    was otherwise qualified, with or without reasonable accommodation, within the meaning of 29 U.S.C. § 794(a) and *Zukle v. Regents of University of California*, 166 F.3d 1041, 1045 (9th Cir. 1999), to participate in the programs and activities of Defendant COUNTY OF KERN and the COUNTY OF KERN Sheriff's Department to be safely and appropriately protected during the provision or administration of local law enforcement activities or services, including, but not limited to, the provision of those services at Plaintiff LYDIA RUIZ' home; and

(d)    was a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12131(2) because, within the meaning of 42 U.S.C. § 12102(2), Plaintiff: (i) suffered from physical impairments, including but not limited to epilepsy and a variety of

seizures, that substantially limited one or more of her major life activities; (ii) such impairment was known or should have been known; and/or (iii) she was regarded as having such an impairment.

13.     On April 30, 2018, and at all relevant times herein, Defendant COUNTY OF KERN and the COUNTY OF KERN Sheriff's Department:

      (a)     received federal financial assistance within the meaning of 29 U.S.C. § 794(a);

      (b)     constituted and/or provided "programs or activities" within the meaning of 29 U.S.C. § 794(b) in that said Defendants (i) were instrumentalities of local government, and (ii) discriminated against Plaintiff in carrying out their duties; and

      (c)     were public entities within the meaning of 42 U.S.C. § 12131(1).

14.     On April 30, 2018, at approximately 11:00 a.m., Defendants DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 50, inclusive, were at the location of Plaintiff Lydia Ruiz' home at 929 8th Street, Wasco, California 93280, in the County of Kern.

15.     At said time and place, and at all relevant times herein, Plaintiffs SELENA GONZALEZ and LYDIA RUIZ complied to their best of their ability with all lawful orders and instructions by Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, and all other public officers and peace officers.

16.    At said time and place, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, responded to a call by Plaintiff LYDIA RUIZ that Plaintiff SELENA GONZALEZ was an epileptic who was having a seizure and who needed immediate medical care and attention.

17.    At said time and place, after Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, had been informed that Plaintiff SELENA GONZALEZ was (i) epileptic; (ii) was disabled; and (iii) was suffering from a seizure, without probable cause, reasonable suspicion, or any just cause or justification, tackled, hit, threw and/or slammed Plaintiff SELENA GONZALEZ to the ground, causing the injuries and damages alleged herein.

18.    At said time and place, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, wrongfully arrested Plaintiff SELENA GONZALEZ without a warrant or probable cause.

19.    At said time and place, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, obtained Plaintiff SELENA GONZALEZ' biographical information from Plaintiff LYDIA RUIZ and specifically asked if Plaintiff SELENA GONZALEZ' last name "Gonzalez" is spelled with two z's.

20.    At said time and place, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, falsely imprisoned Plaintiff SELENA GONZALEZ, forcing her to remain at the Kern County Sheriff's Jail for several hours and without providing her medical attention, medication, food, water, feminine hygiene products and/or toiletries.

21.   At said time and place, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, taunted, harassed, bullied, and/or intimated Plaintiff SELENA GONZALEZ, calling her "Selena Gomez" and asking her to perform.

22.   The deliberate indifference, recklessness, negligence, and/or discrimination of Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, includes, but is not limited to, the failure to: (i) recognize or even consider the possibility that Claimant SELENA GONZALEZ was epileptic and disabled; and (ii) properly and effectively communicate with Claimants regarding Claimant SELENA GONZALEZ' disability.

23.   The deliberate indifference, recklessness, negligence, and/or discrimination of Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, includes, but is not limited to, their failure to recognize and reasonably accommodate Plaintiff SELENA GONZALEZ' disability, epilepsy and seizures.

24.   The deliberate indifference, recklessness, negligence, and discrimination of Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, includes, but is not limited to, that said Defendants misperceived and/or ignored the effects of Plaintiff SELENA GONZALEZ' disability (epilepsy) as illegal conduct (failure to comply with a police command), and as a result seized and used excessive force against Claimant SELENA GONZALEZ.

25.   At all relevant times herein, there was a special relationship between Plaintiff SELENA GONZALEZ and Defendants, and each of them.

26.     At all relevant times herein, COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN Sheriff's Department, were negligent and careless with respect to the hiring, training, supervision, discipline and retention of Deputy Sheriffs, employees and agents of the COUNTY OF KERN'S Sheriff's Department and Defendant COUNTY OF KERN, including but not limited to Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive.  The negligence and carelessness of respondents COUNTY OF KERN and their employees, agents, supervisors, managers and/or representatives, DOES 51 through 100, inclusive, included, but was not limited to, the failure to properly train Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, regarding: (i) the possibility that responding to an emergency call may involve a person with epilepsy; (ii) the possibility that responding to an emergency call may involve a person suffering from a seizure; and (iii) dealing and assisting with the epileptic population of California.

27.     At all relevant times herein, COUNTY OF KERN, and the COUNTY OF KERN Sheriff's Department, their employees, agents, supervisors, managers and/or representatives, and DOES 51 to 100, inclusive, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under color of law, intentionally, deliberately indifferently, recklessly, and/or negligently and unreasonably set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which they knew or reasonably should have known, would cause others to inflict constitutional injury(ies) by failing to train, control and supervise their employees, agents, and subordinates, including Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, with respect to the proper use, deployment, control, training, maintenance, supervision, instruction on use of force, detentions, and investigation.

28.     As an actual, legal and proximate result of the intentional, reckless, negligent and otherwise wrongful conduct of Defendants, and each of them, Plaintiffs received physical, mental, and emotional injuries, including but not limited to:

    a.  Claimant Selena Gonzalez:

        i.     suffered and continues to surfer personal injuries and emotional distress, including **but not limited to** heavy bruising to both arms, shoulders, back, legs, and left side of the head, personal injury, emotional distress, pain, suffering, fear, anxiety, humiliation and trauma;

        ii.    incurred, and continues to incur medical and other expenses for care, treatment, and rehabilitation;

        iii.   was subjected to a loss of her liberty; and

        iv.    suffered and incurred, and will suffer and incur, other general and special damages.

    b.  Claimant LYDIA RUIZ:

        i.     suffered the negligent infliction of bystander emotional distress.

29.     In performing the acts and omissions alleged herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under color of law, discriminated against Plaintiff SELENA GONZALEZ because of, and on account of, her disabilities and illnesses, including epilepsy and a variety of seizures, and/or any other physical disability.

30.     In addition, in performing the acts and omissions alleged herein, Defendants, and each of them, as well as their agents and employees acting within the course and scope of such agency and employment and under color of law, intentionally, deliberately indifferently, recklessly and/or negligently failed and refused to make the necessary reasonable accommodations for, and to reasonably accommodate, Plaintiff SELENA GONZALEZ' disabilities and illnesses, including epilepsy and a variety of seizures, and/or other physical disability.

**FIRST CAUSE OF ACTION**

**Violation of Plaintiff Selena Gonzalez' Rights Secured by the Fourth Amendment to be Free From the Use of Excessive Force and Unlawful Search and Seizure, Pursuant to 42 U.S.C. §§ 1983, 1988.**

**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]**

31.     Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

32.     Plaintiff SELENA GONZALEZ asserts this First Cause of Action against Defendants for violations of Plaintiff SELENA GONZALEZ' rights secured by the Fourth Amendment to the United States Constitution to be free from the use of excessive force and unlawful search and seizure, pursuant to 42 U.S.C. §§ 1983, 1988.

33.     On or about April 30, 2018, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, went to Plaintiff Lydia Ruiz' home located at 929 8th Street, Wasco, California 93280, to respond to a

report by Plaintiff LYDIA RUIZ that Plaintiff SELENA GONZALEZ was an epileptic who was having a seizure and who needed immediate medical care and attention. Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, at said time and place, responded to this call in the course and scope of their employment with Defendant COUNTY OF KERN and the COUNTY OF KERN Sheriff's Department, and under color of law. Said Defendants, inclusive, used unreasonable force on the Plaintiff SELENA GONZALEZ when, without probable cause, reasonable suspicion, or any just cause or justification, they tackled, hit, threw and/or slammed Plaintiff SELENA GONZALEZ to the ground, causing the injuries and damages alleged herein.

34.     Said Defendants' conduct violated Plaintiff SELENA GONZALEZ' rights secured by the Fourth Amendment to the United States Constitution to be free from the use of excessive force and unlawful search and/or seizure, pursuant to 42 U.S.C. §§ 1983, 1988. Inasmuch as Plaintiff SELENA GONZALEZ was unarmed, non-dangerous and not a flight risk, the use of excessive force against her and the unlawful search and/or seizure of said Plaintiff was a violation of her clearly established rights as secured by the Fourth Amendment.

35.     Defendants COUNTY OF KERN and DOES 51 to 100, inclusive, and the COUNTY OF KERN Sheriff's Department, are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs, practices, training and supervision of officer conduct, including, but not limited to, with respect to the execution of detentions, arrests, investigations, and use of force. Said Defendants, inclusive, are culpable for their own action or inaction in the training, supervision, or control of their subordinates, for ratification or acquiescence in the constitutional deprivation of Plaintiff SELENA GONZALEZ' rights, and/or for conduct that showed a reckless or deliberate indifference to Plaintiff SELENA GONZALEZ' constitutional rights in failing to enforce

its own policies and/or promulgating policies or conduct that deprives others; including Plaintiff SELENA GONZALEZ, of their constitutional rights. Said policies and/or customs were the moving force or cause of the deprivation of Plaintiff SELENA GONZALEZ' rights.

36.     Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN Sheriff's Department, knew or should have known that said Defendants' training, policies, customs, and practices regarding the attack of people as well as the seizure of individuals with epilepsy and seizures, such as Plaintiff SELENA GONZALEZ', were so inadequate that it was obvious that a failure to correct them would result in future incidents, such as the violations herein against Plaintiff SELENA GONZALEZ.

37.     At all relevant times herein, COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN Sheriff's Department, authorized, ratified and/or acquiesced in the aforementioned policies, customs, practices, training and supervision and the commission of the type of acts by its Sheriff's Deputies similar to those which are alleged herein that have caused the injuries to Plaintiff. Furthermore, said Defendants were deliberately indifferent to the probability of the occurrence of such acts and failed to correct said policies, customs, practices, training and supervision, thereby causing the damages alleged herein.

38.     Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN Sheriff's Department, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), and, that policy,

custom or practice was carried out by DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, in violating Plaintiff SELENA GONZALEZ' rights guaranteed by the Fourth Amendment, Article 1, Section 13 of the California Constitution and California Civil Code § 43 to be secure in her person and premises, to be free from unlawful search and/or seizure, and free from the use of excessive force, and are therefore liable for all injuries sustained by said Plaintiff as set forth herein. By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff SELENA GONZALEZ was deprived, under color of law, of her rights guaranteed by the Fourth Amendment to the United States Constitution to be free from the use of excessive force and unlawful search and/or seizure.

39.     As a direct and proximate result of the acts of Defendants, and each of them, Plaintiff SELENA GONZALEZ suffered severe emotional and physical harm, and thus Plaintiff SELENA GONZALEZ seeks and is entitled to recover, general and special damages, including but not limited to medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

40.     The aforementioned conduct of DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, was done maliciously, oppressively and with an intent to injure Plaintiff and in conscious disregard for the rights and safety of Plaintiff SELENA GONZALEZ, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

41.     Plaintiff is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

///

///

## SECOND CAUSE OF ACTION

**Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*.**

**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN;**

**DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and**

**DOES 1 to 100, inclusive.]**

42.     Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

43.     Plaintiff SELENA GONZALEZ asserts this Second Cause of Action for the Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 701 *et seq*., pursuant to 42 U.S.C. § 1988.

44.     At all relevant times herein, Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department received federal financial assistance within the meaning of 29 U.S.C. § 794(a) and used that federal financial assistance to carry out its programs or activities.

45.     At all relevant times herein, Plaintiff SELENA GONZALEZ was a person with a "disability" within the meaning of 29 U.S.C. § 705(9)(B) because she suffered from physical impairments, including but not limited to epilepsy and seizures, that substantially limited on or more of her major life activities.

46.     At all relevant times herein, Plaintiff SELENA GONZALEZ was an "individual with a disability" within the meaning of 29 U.S.C. § 705(20)(B) because: (a) she suffered from physical impairments, including but not limited to epilepsy and seizures, that substantially limited one or more of her major life activities; (b) such impairment was known or should have been known; and/or (c) she was regarded as having such an impairment.

47.   At all relevant times herein, Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department, administered "programs or activities" within the meaning of 29 U.S.C. § 794(b) in that said Defendants (i) were instrumentalities of local government, and (ii) provided the program and activity of protecting its citizens against crime and/or unlawful activities.

48.   At all relevant times herein, Plaintiff SELENA GONZALEZ was otherwise qualified, with or without reasonable accommodation, within the meaning of 29 U.S.C. § 794(a), to participate in the programs and activities of Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and COUNTY OF KERN'S Sheriff's Department. Such programs and activities included being treated safely and appropriately while Defendants, and each of them, performed local law enforcement services at or upon Plaintiff SELENA GONZALEZ.

49.   At all relevant times herein, in engaging in the conduct alleged above Defendants COUNTY OF KERN, DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 100, inclusive, and each of them, discriminated against Plaintiff SELENA GONZALEZ within the meaning of 29 U.S.C. § 794(a), with regard to their services, programs, and activities. Said Defendants violated Plaintiff SELENA GONZALEZ' federally guaranteed right to be free from discrimination on the basis of disability: (a) by failing to make reasonable accommodations to their activities, policies, practices and procedure to ensure that her needs as an individual with a disability would be met; and/or (b) by failing to train the individual defendants, DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, with respect to safe and appropriate provision of law enforcement activities on behalf of or to Plaintiff SELENA GONZALEZ. The bases of said discrimination was: (a) solely because of Plaintiff SELENA GONZALEZ' disability; and/or (b) consisted of

being deliberately indifferent to Plaintiff SELENA GONZALEZ' rights in that Defendants knew or should have known that harm to Plaintiff SELENA GONZALEZ' federally protected rights was substantially likely, and failed to act upon that likelihood.

50.     At all relevant times herein, in engaging in the conduct alleged above Defendants COUNTY OF KERN, DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, DOES 1 to 100, inclusive, and COUNTY OF KERN'S Sheriff's Department, each of them, discriminated against or failed to reasonably accommodate Plaintiff SELENA GONZALEZ with regard to their services, programs, and activities. Such programs and activities included the safe and appropriate provision of law enforcement services at or upon Plaintiffs' residence, and upon Plaintiff SELENA GONZALEZ, who was not fleeing, did not pose a threat, and/or was not a flight risk.

51.     More specifically, Defendants violated Plaintiff SELENA GONZALEZ' federally guaranteed right to be free from discrimination on the basis of disability by failing to make reasonable accommodations to and/or for Plaintiff SELENA GONZALEZ in administering its local law enforcement services. Said discrimination: (a) was by reason of said Plaintiff's disability; and/or (b) consisted of being deliberately indifferent to said Plaintiff's rights in that Defendants, and each of them, knew that harm to said Plaintiff's federally protected rights was substantially likely, and failed to act upon that likelihood.

52.     As a direct and proximate result of the acts of Defendants, and each of them, Plaintiff SELENA GONZALEZ suffered, and thus Plaintiff SELENA GONZALEZ seeks and is entitled to recover, general and special damages, including but not limited to, medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

53.     Plaintiff SELENA GONZALEZ is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

## THIRD CAUSE OF ACTION

**Violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq*.**

**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]**

54.     Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

55.     Plaintiff SELENA GONZALEZ asserts this Third Cause of Action for Violation of Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131 *et seq*., pursuant 42 U.S.C. § 1988.

56.     At all relevant times herein, Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department, were public entities within the meaning of 42 U.S.C. § 12131(1).

57.     At all relevant times herein, Plaintiff SELENA GONZALEZ was a "qualified individual with a disability" within the meaning of 42 U.S.C. § 12131(2) because, within the meaning of 42 U.S.C. § 12102(2), said Plaintiff: (a) suffered from physical impairments, including but not limited to epilepsy and seizures, that substantially limited one or more of her major life activities; (b) such impairment was known or should have been known; and/or (c) she was regarded as having such an impairment.

58.     More specifically, Defendants, and each of them, violated Plaintiff SELENA GONZALEZ' federally guaranteed right to be free from discrimination on the basis of disability by failing to make reasonable accommodations to and/or for said Plaintiff in administering its local law enforcement services.  Said discrimination: (a) was by reason of Plaintiff SELENA GONZALEZ' disability; and/or (b) consisted of being deliberately indifferent to said Plaintiff's rights in that Defendants knew that harm to said Plaintiff's federally protected rights was substantially likely, and failed to act upon that likelihood.

59.     As a direct and proximate result of the acts of Defendants, and each of them, Plaintiff SELENA GONZALEZ suffered, and thus Plaintiff SELENA GONZALEZ seeks and is entitled to recover, general and special damages, including but not limited to medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

60.     Plaintiff SELENA GONZALEZ is entitled to recover her attorneys' fees pursuant to 42 U.S.C. §§ 1983, 1988.

///
///
///
///
///
///

## FOURTH CAUSE OF ACTION

**Violation of Plaintiff SELENA GONZALEZ' Rights Secured by the Bane Civil Rights Act, California Civil Code § 52.1, to be Secure in Her Person and Premises, and Free From the Use of Excessive Force and Unlawful Search and Seizure, Pursuant to 42 U.S.C. §§ 1983, 1988, Article 1, Section 13 of the California Constitution and California Civil Code § 43.**

**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]**

61.     Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

62.     Plaintiff SELENA GONZALEZ asserts this Fourth Cause of Action against Defendants for the violation of Plaintiff SELENA GONZALEZ' rights under the Bane Civil Rights Act, California Civil Code § 52.1, secured by the Fourth Amendment to the United States Constitution to be secure in her person and premises, and free from the use of excessive force and unlawful search and seizure, pursuant 42 U.S.C. §§ 1983, 1988, Article 1, Section 13 of the California Constitution and California Civil Code § 43.

63.     On or about April 30, 2018, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive went to Plaintiff LYDIA RUIZ' home located at 929 8th Street, Wasco, California 93280, to respond to a report by Plaintiff LYDIA RUIZ that Plaintiff SELENA GONZALEZ was an epileptic who was having a seizure and who needed immediate medical care and attention. Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, at said time and place, responded to this call in the course and scope of their employment with Defendant COUNTY OF KERN and the COUNTY OF KERN Sheriff's

Department and under color of law. Said Defendants, inclusive, used unreasonable force on the Plaintiff SELENA GONZALEZ when, without probable cause, reasonable suspicion, or any just cause or justification, they tackled, hit, threw and/or slammed Plaintiff SELENA GONZALEZ to the ground. Said conduct resulted in physical, emotional, mental and traumatic injuries.

64.    Said Defendants' conduct violated Plaintiff SELENA GONZALEZ' rights secured by the Fourth Amendment to the United States Constitution to be secure from unreasonable seizure, and to be free from the use of excessive force and unlawful search and/or seizure, pursuant to 42 U.S.C. §§ 1983, 1988, Article 1, Section 13 of the California Constitution, and California Civil Code § 43.  Inasmuch as Plaintiff SELENA GONZALEZ was not engaged in criminal activity, not armed, not dangerous and not a flight risk, the use of excessive force against her and the unlawful search and/or seizure of Plaintiff SELENA GONZALEZ was a violation of her clearly established rights as secured by the Fourth Amendment.

65.    Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department, are responsible for implementing, maintaining, sanctioning and/or condoning policies, customs, practices, training and supervision of officer conduct, including, but not limited to, with respect to the execution executions of seizures, interactions with disabled people, and use of force.  Said Defendants, inclusive, are culpable for their own action or inaction in the training, supervision, or control of their subordinates, for ratification or acquiescence in the constitutional deprivation of Plaintiff SELENA GONZALEZ' rights, and/or for conduct that showed a reckless or deliberate indifference to Plaintiff SELENA GONZALEZ' constitutional rights in failing to enforce its own policies and/or promulgating policies or conduct that deprives others, including Plaintiff SELENA GONZALEZ, of their constitutional rights.  Said policies

and/or customs were the moving force or cause of the deprivation of Plaintiff SELENA GONZALEZ' rights.

66.     Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department, and each of them, knew or should have known that Defendants' training, policies, customs, and practices regarding the seizure, particularly of disabled people, such as Plaintiff SELENA GONZALEZ', were so inadequate that it was obvious that a failure to correct them would result in future incidents, such as the violations herein against Plaintiff SELENA GONZALEZ.

67.     At all relevant times herein, Defendants COUNTY OF KERN, DOES 51 to 100 and the COUNTY OF KERN'S Sheriff's Department, authorized, ratified and/or acquiesced in the aforementioned policies, customs, practices, training and supervision and the commission of the type of acts by its officers similar to those which are alleged herein that have caused the injuries to Plaintiff.  Furthermore, said Defendants were deliberately indifferent to the probability of the occurrence of such acts and failed to correct said policies, customs, practices, training and supervision, thereby causing the damages alleged herein.

68.     Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department, maintained or permitted an official policy, custom or practice of knowingly permitting the occurrence of the type of wrongs set forth above and, based upon the principles set forth in *Monell v. New York City Department of Social Services*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), and, that policy, custom or practice was carried out by Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, in violating Plaintiff SELENA GONZALEZ' rights guaranteed by the Fourth Amendment, Article 1, Section 13 of the California Constitution and California Civil Code § 43 to be free from unlawful search

and/or seizure and free from the use of excessive force, and are therefore liable for all injuries sustained by Plaintiff SELENA GONZALEZ as set forth herein.

69.    By reason of the conduct of the Defendants, and each of them, as alleged herein, Plaintiff SELENA GONZALEZ was deprived, under color of law, of her rights guaranteed by the Fourth Amendment to the United States Constitution to be free from the use of excessive force and unlawful search and/or seizure.

70.    As a direct and proximate result of the acts of Defendants, and each of them, Plaintiff SELENA GONZALEZ suffered severe emotional and physical harm, and thus Plaintiff SELENA GONZALEZ seeks and is entitled to recover, general and special damages, including but not limited to medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

71.    The aforementioned conduct of the individual Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, was done maliciously, oppressively and with an intent to injure Plaintiff SELENA GONZALEZ and in conscious disregard for the rights and safety of Plaintiff SELENA GONZALEZ, such that an award of exemplary and punitive damages should be imposed against said individual Defendants in an amount to be proven at trial.

72.    Plaintiff SELENA GONZALEZ is entitled to recover her attorneys' fees pursuant to California Civil Code § 52.1(h).

///
///
///
///

## FIFTH CAUSE OF ACTION

**Violation of the Unruh Civil Rights Act, California Civil Code §§ 51, 52**

**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN;**
**DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and**
**DOES 1 to 100, inclusive.]**

73.    Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

74.    Plaintiff SELENA GONZALEZ asserts this Fifth Cause of Action for Violation of the Unruh Civil Rights Act, California Civil Code §§ 51, 52.

75.    Defendants COUNTY OF KERN, DOES 51 TO 100, inclusive and COUNTY OF KERN'S Sheriff's Department, are "business establishments" within the meaning of the Unruh Act, California Civil Code § 51 and California Civil Code § 51.5.

76.    In engaging in and performing the acts, omissions and conduct alleged above, Defendants COUNTY OF KERN,  DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 100, inclusive, violated or aided or incited the violation of, or made discrimination or distinction contrary to, the Unruh Act, California Civil Code § 51 et. seq..

77.    As a direct and proximate result of the acts of Defendants, and each of them, Plaintiff SELENA GONZALEZ suffered, and thus Plaintiff SELENA GONZALEZ seeks and is entitled to recover, general and special damages, including but not limited to, medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

78.     Plaintiff SELENA GONZALEZ is entitled to recover her attorneys' fees pursuant to California Civil Code § 52.

79.     In doing the acts alleged in this complaint, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, knew or should have known that their actions were likely to injure Plaintiff SELENA GONZALEZ. Said Plaintiff is informed and believes, and on that basis alleges, that said Defendants intended to cause injury to Plaintiff SELENA GONZALEZ and acted with a willful and conscious disregard of Plaintiff SELENA GONZALEZ' rights as secured by Civ. Code § 51, thereby entitling Plaintiff SELENA GONZALEZ to recover treble damages, or a minimum of $4,000, pursuant to Civ. Code § 52, subd. (a).

## SIXTH CAUSE OF ACTION

**Violation of the Plaintiff's rights under the Ralph Civil Rights Act, California Government Codes § 51.7 et. seq.**

**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]**

80.     Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

81.     Plaintiff SELENA GONZALEZ asserts this Sixth Cause of Action for Violation of her rights under the Ralph Civil Rights Act, California Civil Code §§ 51.7 et. seq..

82.     In engaging in and performing the acts, omissions, and conduct alleged above, Defendants COUNTY OF KERN, DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 100, inclusive violated, or aided or incited the violation of, or caused violence or intimidation by threat of violence, based on disability contrary to, the Ralph Civil Rights Act, California Civil Code § 51.7.

83.     As an actual, direct, proximate and legal result of the wrongful conduct of Defendants, and each of them, alleged herein, Plaintiff SELENA GONZALEZ suffered, and thus Plaintiff SELENA GONZALEZ seeks and is entitled to recover, general and special damages, including but not limited to, medical expenses and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

84.     Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorneys' fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).   -

85.     Defendants COUNTY OF KERN, and DOES 51 TO 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

///
///
///
///

## SEVENTH CAUSE OF ACTION

### Assault and Battery under California Law.

### [Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]

86.     Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

87.     Plaintiff SELENA GONZALEZ asserts this Seventh Cause of Action for Assault and Battery under California law.

88.     Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, while acting within the course and scope of their employment with COUNTY OF KERN,  DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department, caused threats, force and offensive touching and/or violence to be used upon and against Plaintiff SELENA GONZALEZ, on or about her body in a willful, reckless, malicious, and unlawful manner and without consent, cause, provocation or justification and with intent to place her in fear and/or to do great bodily harm to the Plaintiff SELENA GONZALEZ.

89.     As a result of the conduct of Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, Plaintiff SELENA GONZALEZ has been damaged as alleged herein above.

90.     The aforementioned conduct was done maliciously, oppressively and with intent to injure Plaintiff SELENA GONZALEZ, and in conscious disregard for the rights and safety of Plaintiff SELENA GONZALEZ, such that an award of exemplary and punitive damages should be imposed against Defendants DEPUTY MARTINEZ,

DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, in an amount to be proven at trial.

91.    Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

92.    Defendants COUNTY OF KERN and DOES 51 to 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a) and the decision in *Los Angeles County Metropolitan Transp. Authority v. Superior Court*, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## EIGHTH CAUSE OF ACTION
### False Imprisonment/Arrest under California law.
### [Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]

93.    Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

94.    Plaintiff SELENA GONZALEZ asserts this Eleventh Cause of Action for False Imprisonment/Arrest under California law.

95.     In engaging in the conduct alleged above, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, stopped, seized and/or arrested Plaintiff SELENA GONZALEZ without a warrant, reasonable suspicion, or probable cause.

96.     As a direct and proximate result of the acts of Defendants, Plaintiff SELENA GONZALEZ suffered and she is entitled to and seeks to recover, general and special damages, including but not limited to the loss of liberty, lost earnings, and loss of earning capacity, and physical, mental and emotional pain, shock, agony and suffering, in an amount according to proof at trial.

97.     The aforementioned conduct was done maliciously, oppressively and with an intent to injure Plaintiff SELENA GONZALEZ, and in conscious disregard for the rights, liberty and safety of said Plaintiff, such that an award of exemplary and punitive damages should be imposed against the individual Defendants in an amount to be proven at trial.

98.     Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

99.     Defendant COUNTY OF KERN and DOES 51 to 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorneys' fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a).

///

## NINTH CAUSE OF ACTION

### Negligence Under California Law.

**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]**

100.   Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

101.   Plaintiff SELENA GONZALEZ asserts this Ninth Cause of Action for Negligence under California law.

102.   In engaging in the conduct alleged above, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, while acting within the course and scope of their employment with Defendant COUNTY OF KERN, DOES 51 to 100, inclusive, and the Kern County Sheriff's Department, negligently, carelessly and unreasonably caused the injuries to Plaintiff SELENA GONZALEZ as alleged herein when they tackled, hit, threw and/or slammed Plaintiff SELENA GONZALEZ to the ground and arrested her.  Specifically, Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, had a duty to provide local law enforcement services safely and appropriately.  Defendants breached that duty and Plaintiff SELENA GONZALEZ was seized, tackled, hit, pushed, thrown, slammed and/or attacked by said Defendants, which resulted in physical injuries and emotional distress to Plaintiffs.

103.   Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the Kern County Sheriff's Department were negligent and unreasonable in their hiring, screening, control, supervision, counseling, monitoring, discipline, retention, and otherwise failing

to take adequate precautions with respect to Defendants DEPUTY MARTINEZ,
DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive,

104.   As a direct and proximate result of the acts of Defendants, Plaintiffs suffered
and seeks to recover general and special damages, including but not limited to the loss of
liberty, and physical, mental and emotional pain, shock, agony and suffering, in an
amount according to proof at trial.

105.   Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY
MORENO, and DOES 1 to 50, inclusive, are legally responsible for, and have a duty to
pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and
costs set forth in this cause of action pursuant to California Government Code § 820(a).

106.   Defendants COUNTY OF KERN and DOES 51 to 100, inclusive, are
legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's
fees, and costs set forth in this cause of action, except for punitive or exemplary damages,
pursuant to California Government Code § 815.2(a) and the decision in *Los Angeles
County Metropolitan Transp. Authority v. Superior Court*, 123 Cal.App.4th 261, 264, 20
Cal.Rptr.3d 92, 94 (2004).

## TENTH CAUSE OF ACTION

**Intentional Infliction of Emotional Distress under California Law.**
**[Plaintiff SELENA GONZALEZ Against Defendants COUNTY OF KERN;
DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and
DOES 1 to 100, inclusive.]**

107.   Plaintiffs reallege and incorporate by reference all paragraphs above as
though fully set forth herein.

108. Plaintiff SELENA GONZALEZ asserts this Sixth Cause of Action for Intentional Infliction of Emotional Distress under California law.

109. The conduct of Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, as alleged above, was carried out by said Defendants while acting within the course and scope of their employment with Defendants COUNTY OF KERN, DOES 51 to 100, inclusive, and the COUNTY OF KERN'S Sheriff's Department. Said conduct was outrageous and carried out with the intent to cause Plaintiffs SELENA GONZALEZ extreme and severe emotional distress.

110. As a direct and proximate result of the acts of Defendants, Plaintiff SELENA GONZALEZ suffered, and seeks to recover for, extreme and enduring mental, physical and emotional pain, distress, shock, agony and suffering, in an amount according to proof at trial.

111. The aforementioned conduct was done maliciously, oppressively and with an intent to injure Plaintiff SELENA GONZALEZ, and in conscious disregard for the rights, liberty and safety of said Plaintiff, such that an award of exemplary and punitive damages should be imposed against the individual Defendants in an amount to be proven at trial.

112. DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages, penalties, attorney's fees, and costs set forth in this cause of action pursuant to California Government Code § 820(a).

113. Defendants COUNTY OF KERN and DOES 51 to 100, inclusive, are legally responsible for, and have a duty to pay, all of the damages, penalties, attorney's fees, and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to

California Government Code § 815.2(a) and the decision in *Los Angeles County Metropolitan Transp. Authority v. Superior Court*, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## ELEVENTH CAUSE OF ACTION

**Negligent Infliction Of Bystander Emotional Distress Under California Law [Plaintiff LYDIA RUIZ Against Defendants COUNTY OF KERN; DEPUTY MARTINEZ; DEPUTY MALDONADO; DEPUTY MORENO; and DOES 1 to 100, inclusive.]**

114.   Plaintiffs reallege and incorporate by reference all paragraphs above as though fully set forth herein.

115.   Plaintiff LYDIA RUIZ asserts this Tenth Cause of Action for Negligent Infliction of Bystander Emotional Distress pursuant to California law.

116.   All of the above conduct, injury and harm to Plaintiff SELENA GONZALEZ alleged above was contemporaneously witnessed and perceived by her mother, Plaintiff LYDIA RUIZ, who was present at the time of the incident.  As a result, Plaintiff LYDIA RUIZ suffered serious emotional distress, a reaction beyond that which would be anticipated in disinterested witnesses and which is not an abnormal response to the circumstances.

117.   Pursuant to the decision in, e.g., Thing v. La Chusa, 48 Cal.3d 644, 647 (1989), Plaintiff LYDIA RUIZ is entitled to recover for the damages she suffered as a result of perceiving the injury to her daughter, Plaintiff SELENA GONZALEZ, because at the time of the incident: (a) Plaintiff LYDIA RUIZ was closely related to the injured victim, her daughter, Plaintiff SELENA GONZALEZ; (b) Plaintiff LYDIA RUIZ was

present at the scene of the injury-producing event at the time it occurred and was then aware and perceived that it caused injury to the victim, her daughter, Plaintiff SELENA GONZALEZ and (c) as a result suffered serious emotional distress, a reaction beyond that which would be anticipated in a disinterested witness and which was not an abnormal response to the circumstances.

118.   As a direct and proximate result of the acts of Defendants, Plaintiff LYDIA RUIZ suffered and seeks to recover general and special damages as alleged herein in an amount according to proof at trial.

119.   Defendants DEPUTY MARTINEZ, DEPUTY MALDONADO, DEPUTY MORENO, and DOES 1 to 50, inclusive, are legally responsible for, and have a duty to pay, all of the damages, punitive or exemplary damages and costs set forth in this cause of action pursuant to California Government Code § 820(a).

120.   Defendant COUNTY OF KERN and DOES 51 to 100, inclusive, are legally responsible for, and has a duty to pay, all of the damages and costs set forth in this cause of action, except for punitive or exemplary damages, pursuant to California Government Code § 815.2(a) and the decision in *Los Angeles County Metropolitan Transp. Authority v. Superior Court*, 123 Cal.App.4th 261, 264, 20 Cal.Rptr.3d 92, 94 (2004).

## ATTORNEYS' FEES AND COSTS

121.   Pursuant to the provisions of 42 U.S.C. § 1988 and California Civil Code § 52.1(h), Plaintiffs are entitled to and demands an award of reasonable attorneys' fees and costs attendant to prosecuting this action in an amount to be determined according to proof at trial.

122.   Plaintiffs are entitled to and demand an award of prejudgment interest.

123.   Plaintiffs are entitled to and demand an award of post-judgment interest pursuant to 28 U.S.C. § 1961(a).


## **PRAYER FOR RELIEF**


WHEREFORE, Plaintiffs seeks damages as follows:

(a)   General damages – In an amount to be proven at trial;

(b)   Special damages – In an amount to be proven at trial;

(c)   Punitive damages – Against the individual Defendants, in an amount to be proven at trial;

(d)   An award of prejudgment interest;

(e)   An award of post-judgment interest pursuant to 28 U.S.C. § 1961(a); and

(f)   Attorney's fees and costs of suit incurred herein; and

(g)   For such other and further relief as the Court deems just and proper.


**PLAINTIFF DEMANDS A TRIAL BY JURY**


Dated: February 21, 2019          RODRIGUEZ & ASSOCIATES

By:_____

Daniel Rodriguez, Esq.

Danay Gonzalez, Esq.

Attorneys for Plaintiff